30 F.3d 139
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
BLUE CIRCLE ATLANTIC, INC., a Delaware corporation,
Plaintiff-counter-defendant-appellee, Cross-appellant,
Henry A. Varela, Jr.; Rita Varela, an individual;
Frederick G. Wood; Christine Wood, an individual,
Counter-claimants-appellants, Cross-appellees.
v.
HILL TOP DEVELOPERS, INC., a California corporation, Defendant.
 Nos. 92-15515, 92-15622.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 5, 1993.
Decided Aug. 2, 1994.
 
 Before: HUG, FARRIS, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Frederick and Christine Wood and Henry and Rita Varela were majority shareholders and principals of Imperial Cement, Inc., an importer and distributor of bulk cement. Frederick Wood is also a lawyer and was general counsel for Imperial. In April, 1987, Blue Circle Atlantic ("Blue Circle") and Imperial agreed that Blue Circle would be Imperial's sole cement supplier. The parties explored the possibility of forming a joint venture and expanding the operations of Imperial. Before they reached any formal agreement, Imperial began expanding its facilities and hiring additional staff. By May 1988, Imperial's debt to Blue Circle exceeded $2 million. [ER 53]
 
 
 3
 On June 27, 1988, Blue Circle and Imperial entered into a Loan Agreement under which Blue Circle deferred collection on the past due amount and agreed to loan an additional $1,700,000 to Imperial. [ER 53-78] Imperial executed a $4,003,450 Promissory Note in favor of Blue Circle. [ER 79-81] Payment on the Note was secured by, among other things, a Guaranty executed by the Woods and Varelas. [ER 116-18] The Guaranty was secured by deeds of trust on property owned by the Woods and Irma Walker. [SER 72-77] The Loan Agreement contained a release of claims and an integration clause. [ER 72, 74]
 
 
 4
 In August 1988, the parties executed a "First Amendment to Loan Agreement" which was similar to the initial agreement and also contained a release of claims. [ER 120-39]
 
 
 5
 On December 30, 1988, the parties entered into an agreement with Hill Top Developers ("Hill Top") in which Hill Top would guarantee Imperial's debt to Blue Circle, secure the guaranty with first priority trust deeds on real property with an aggregate value of at least $2,945,043, and obtain an option to purchase 49% of Imperial's stock. [ER 140-44] The December Agreement also provided that Blue Circle would reduce Imperial's debt by $1,000,000 if certain conditions were met. [ER 141, 147-48] It contained a release of claims and an integration clause. [ER 150-52]
 
 
 6
 On May 11, 1989, Blue Circle declared a default, claiming that the property Hill Top tendered as collateral did not comply with the December Agreement and that Imperial failed to make any payments under the December Agreement. Blue Circle rescinded the conditional $1,000,000 principal reduction and accelerated the total indebtedness.
 
 
 7
 Blue Circle filed this suit against Hill Top in Arizona state court to enforce Hill Top's loan guaranty. Hill Top removed the case to federal district court in Arizona based on diversity of citizenship, and later moved to join the Woods and Varelas as counterdefendants. The district court granted the motion to join additional parties. The Woods and Varelas then filed various counterclaims based on fraud and breach of contract, which are the only remaining claims in this action.
 
 
 8
 The district court granted summary judgment to Blue Circle on all claims asserted by the Woods and Varelas. It held that (1) the judgment against the Woods' in Blue Circle Atlantic v. Wood, No. 90-16389 (9th Cir. April 24, 1992), precludes the Woods' claims in this action; (2) the Varelas' claims are not barred by that judgment; (3) the finding of the bankruptcy court in In re Imperial Cement, No. 89-05375-YUM-RGM (D.Ariz. Sept. 25, 1989), that there was no joint venture agreement is binding on the Woods and the Varelas; and (4) the Varelas lack standing to assert their claims because they allege injury to Imperial rather than direct injury to themselves.
 
 
 9
 The Woods and Varelas appeal the district court's grant of summary judgment on their claims against Blue Circle. Blue Circle cross appeals, arguing that it was also entitled to summary judgment on the merits of those claims. We affirm the district court's order.
 
 
 10
 The district court may grant summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). "In reviewing the decisions of the district court, we may affirm on any basis supported by the record." Leonard v. Clark, 12 F.3d 885, 889 (9th Cir.1993). We decline to reach the preclusion and standing issues. Instead we conclude that the December Agreement is valid and that appellants released all claims against Blue Circle arising before they signed the December Agreement. Appellants concede that all of their claims against Blue Circle arose before they signed the December Agreement, and that they have no claims against Blue Circle if that agreement is valid. [Appellants' Third Brief on Cross-Appeal 19; Oral Argument] Thus the district court properly granted summary judgment.
 
 
 11
 Appellants argue that the December Agreement is not binding because it was procured by fraud and economic duress. Viewing the evidence in the light most favorable to appellants, we hold that there was no fraud or duress as a matter of law.
 
 
 12
 Appellants contend that Blue Circle fraudulently induced them to enter the December Agreement by (1) promising not to enforce the remedies set forth in the Agreement if problems arose in the future concerning Hill Top's performance; (2) promising not to initiate foreclosure proceedings against the Woods' real property; and (3) promising to release its liens on the Woods' real property after the deeds of trust executed by Hill Top on December 31 were recorded.[1]
 
 
 13
 Under Arizona law, "actions based on fraud must be proven by clear and convincing evidence." Rhoads v. Harvey Publications, Inc., 700 P.2d 840, 844 (Ariz.App.1984). The alleged misrepresentations in this case were promises concerning future events. Such promises may not support a claim of fraud unless the statements were made with the present intent not to perform. McAlister v. Citibank, 829 P.2d 1253, 1260 (Ariz.App.1992). Assuming that Blue Circle made the statements, as we must for the purposes of summary judgment, the only evidence that it intended not to perform at the time it made the statements is that it subsequently failed to perform. This showing is insufficient as a matter of law to survive summary judgment. Id.
 
 
 14
 Under Arizona law, economic duress involves a wrongful threat or act by one party that induces the other party to enter a transaction and precludes the other party from exercising free will. Republic Nat'l Life Ins. Co. v. Rudine, 668 P.2d 905, 908 (Ariz.App.1983). Appellants allege that Blue Circle (1) withdrew from the de facto joint venture; (2) threatened to and eventually did stop delivering cement; (3) threatened to foreclose on the guaranties and bring suit; and (4) dominated and controlled Imperial. Appellants' duress claim is insufficient to survive summary judgment because Blue Circle's alleged conduct was not wrongful.
 
 
 15
 Blue Circle could not have withdrawn from a joint venture because there was no joint venture among the parties. If the facts alleged are insufficient to support a finding of a joint venture, then the court may decide the issue as a matter of law. Mercer v. Vinson, 336 P.2d 854, 858 (Ariz.1959).
 
 
 16
 To constitute a valid joint venture under Arizona law, there must exist: (1) a contract; (2) a common purpose; (3) a community of interest; (4) an equal right to control; and (5) participation in the profits and losses.
 
 
 17
 Tanner Cos. v. Superior Court, 696 P.2d 693, 695 (Ariz.1985). Appellants argue that (1) an implied contract forming a joint venture existed, see Ellingson v. Sloan, 527 P.2d 1100, 1104 (Ariz.App.1974) ("A contract of joint venture may be express of implied"); (2) their common purpose was to expand their distribution of cement and concrete; (3) all parties shared an interest in the success of the venture; (4) Blue Circle shared control of the expansion because it provided capital and had the right to approve certain business decisions; and (5) Blue Circle participated in the losses incurred. There is no evidence that Blue Circle participated or intended to participate in any profits or losses incurred by Imperial or by the Woods and Varelas; therefore as a matter of law no joint venture existed.
 
 
 18
 It was not duress for Blue Circle to stop delivering cement or to threaten to foreclose on the guaranties and bring suit. Blue Circle was entitled to stop supplying cement because Imperial owed it a substantial amount of money and was continually behind on its payments. Moreover, "[i]t is never duress to assert an intention to resort to the courts for the vindication of one's legal rights." USLife Title Co. of Ariz. v. Gutkin, 732 P.2d 579, 587 (Ariz.App.1986).
 
 
 19
 Nor are appellants' allegations that Blue Circle dominated Imperial sufficient to prove duress. In their affidavits and depositions, Mr. Wood and Mr. Varela made inconsistent statements regarding the extent of Blue Circle's control. [Compare SER 165 with ER 196-97, 206-07] However, even assuming that Blue Circle exerted some control over Imperial, it was not the level of control that would preclude appellants from exercising their free will. On the contrary, appellants considered the option of suing Blue Circle for breaching their obligations to Imperial and decided instead to try to work out their differences. See Rudine, 668 P.2d at 909-10.
 
 
 20
 Because Blue Circle did not procure the December Agreement through fraud or duress, the release in that agreement is binding on appellants. We affirm the district court's order granting summary judgment to Blue Circle.
 
 
 21
 Blue Circle is entitled to recover reasonable costs and attorneys' fees arising out of this litigation pursuant to p 11.4 of the December Agreement and A.R.S. Sec. 12-341.01(A). See McAlister, 829 P.2d at 1262.
 
 
 22
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 We do not address appellants' allegation that Blue Circle fraudulently induced them to enter the June 27, 1988 Loan Agreement. If the release in the December Agreement is valid, appellants released claims arising from the Loan Agreement